# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION et al.,<br><br>　　　　　Defendants. | 3:16-cv-00436-RCJ-WGC<br><br>**ORDER** |

　　　　This case arises from a residential foreclosure by the Highland Ranch Homeowners Association ("Highland Ranch" or "HOA") for failure to pay HOA fees. Pending before the Court are two motions to dismiss (ECF Nos. 8, 18), a countermotion for summary judgment (ECF No. 21), and a motion for sanctions against Plaintiff (ECF No. 39).

**I.　　FACTS AND PROCEDURAL BACKGROUND**

　　　　In 2004, non-party homeowners obtained a $250,000 mortgage loan to purchase property located at 6411 Samish Court, Sun Valley, Nevada 89433 (the "Property"). Plaintiff Bank of New York Mellon ("Plaintiff") acquired the note and Deed of Trust ("DOT") by Corporate Assignment of Deed of Trust recorded October 7, 2009. (Compl. ¶¶ 15–16, ECF No. 1.)

　　　　On November 1, 2011, as a result of the homeowners' failure to pay HOA fees, the HOA recorded a notice of delinquent assessment. (*Id.* at ¶ 17.) An HOA foreclosure sale took place on June 20, 2014, at which time Defendant TBR I, LLC ("TBR") purchased the Property for

$31,100. (Compl. ¶¶ 27–28, ECF No. 1; Mot. Dismiss 4, ECF No. 8.) The deed of sale was recorded on July 8, 2014. (Compl. ¶ 27, ECF No. 1.) Subsequently, TBR transferred its interest in the Property to Defendant Airmotive Investments, LLC ("Airmotive") by way of quitclaim deed recorded February 29, 2016. (*Id.* at ¶ 29.)

On July 22, 2016, Plaintiff brought this action for quiet title and declaratory relief, violation of NRS 116.1113, wrongful foreclosure, injunctive relief, and deceptive trade practices. On August 15, 2016, Defendant Kern & Associates Ltd. ("Kern") moved to dismiss Plaintiff's claims against it. (ECF No. 8.) On August 29, 2016, the HOA also moved to dismiss Plaintiff's fifth cause of action for deceptive trade practices. (ECF No. 18.) On September 1, 2016, Plaintiff filed an opposition to the motions to dismiss and a countermotion for summary judgment. (ECF No. 21.) On October 5, 2016, Kern moved for sanctions against Plaintiff under Federal Rule of Civil Procedure 11 arising from the filing of the Complaint. (ECF No. 39.)

## II.   LEGAL STANDARDS

### a.   Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### b. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*,

398 U.S. 144 (1970).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

    At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.  Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

/ / /

/ / /

### III. ANALYSIS

#### a. Plaintiff's Claim for Quiet Title and Declaratory Relief

Since the briefs have been filed, the Ninth Circuit Court of Appeals denied a petition for en banc rehearing in *Bourne Valley Ct. Tr. v. Wells Fargo Bank, N.A.*, No. 15-15233 (9th Cir. Nov. 4, 2016.). In *Bourne Valley*, the Ninth Circuit ruled that the opt-in notice scheme under Chapter 116 is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. That ruling is enough to settle the quiet title and declaratory judgment claims in favor of Plaintiff as a matter of law as to the HOA's foreclosure. The HOA's foreclosure did not extinguish Plaintiff's DOT against the Property. Therefore, the Court will grant summary judgment in Plaintiff's favor with respect to its first cause of action.

#### b. Plaintiff's Claims for Violation of NRS 116.1113, Wrongful Foreclosure, and Deceptive Trade Practices

In its prayer for relief, Plaintiff requests primarily a declaration that TBR and Airmotive purchased the Property subject to its DOT. The other relief requested—with the exception of the injunctive relief discussed below—is phrased in the alternative. Therefore, because the Court has granted summary judgment for Plaintiff on its first cause of action, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second, third, and fifth causes of action as moot.

#### c. Injunctive Relief

In its fourth cause of action, Plaintiff requests a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests. The Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

/ / /

/ / /

## IV. RULE 11 SANCTIONS

Kern has moved for sanctions against Plaintiff, arguing that Plaintiff's claims against it are baseless and therefore improper. Pursuant to Federal Rule of Civil Procedure 11, an attorney signing, filing, advocating, etc., a pleading thereby represents to the court, *inter alia*, that the legal contentions therein are warranted by existing law or a non-frivolous argument for extending existing law, and that the factual claims have evidentiary support. Fed. R. Civ. P. 11(b)(2)–(3). A court may upon motion sanction a party or an attorney monetarily or otherwise to the extent sufficient to deter repetition by the violator or others similarly situated. Fed. R. Civ. P. 11(c)(2), (4). Monetary sanctions should be based upon the costs arising out of the violation, Fed. R. Civ. P. 11(c)(4), and may not be awarded against a party for violation of Rule 11(b)(2) by the party's attorney. Fed. R. Civ. P. 11(c)(5)(A).

Where the propriety of a complaint is at issue, Rule 11 sanctions are appropriate only if the plaintiff's claims are frivolous. *See Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987). "The word 'frivolous' does not appear anywhere in the text of the Rule; rather, it is a shorthand [the Ninth Circuit] has used to denote a filing that is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 8859 F.2d 1336, 1345 (9th Cir. 1988).

The Court will not impose sanctions on Plaintiff. First, Kern asserts that it owed no duty to Plaintiff with respect to the foreclosure because Plaintiff was a third party and Kern was acting as the HOA's attorney; therefore, Plaintiff has no legal basis upon which to sue Kern. However, the Complaint specifically alleges that Kern "conducted the foreclosure at issue in this case on behalf of the HOA." (Compl. ¶ 6, ECF No. 1.) Moreover, correspondence between Kern and Plaintiff's attorney supports Plaintiff's allegation that Kern was also acting as the HOA's

collection agent, (ECF No. 39 at 23–26), and recorded documents in the chain of title support the allegation that Kern was acting on behalf of the HOA as foreclosure trustee, (*see, e.g.*, Foreclosure Deed, ECF No. 8 at 29–30). In these capacities, Kern would have had an obligation to conduct the foreclosure in a fair and lawful manner, in accordance with Nevada statute and the applicable CC&Rs. Courts in this district have allowed claims against the HOA trustee when the propriety of a foreclosure sale is at issue. *See, e.g.*, *SRMOF Ii 2012–1 Trust v. SFR Investments Pool 1, LLC*, No. 2:15-cv-01677-GMN-CWH, 2016 WL 3606786, at *3 (D. Nev. June 30, 2016) (granting leave to amend complaint and add HOA trustee as defendant). The Court need not opine as to whether Plaintiff's theories of Kern's liability would have ultimately been successful; it is enough that the Court is satisfied that such theories were not frivolous.

    Next, Kern argues that sanctions are appropriate because Plaintiff failed to exhaust administrative remedies under NRS 38.310 prior to filing suit. The Nevada Supreme Court has held that claims under NRS 116.1113 and for wrongful foreclosure are subject to the mediation requirement of NRS 38.310, though quiet title claims are not. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (en banc); *see also, e.g.*, *Carrington Mortg. Servs., LLC v. Saticoy Bay, LLC*, No. 2:15-cv-01852-APG-PAL, 2016 WL 4051268, at *2 (D. Nev. July 25, 2016); *Nationstar Mortg., LLC v. Desert Shores Cmty. Ass'n*, No. 2:15-cv-01776-KJD-CWH, 2016 WL 4134538, at *3–4 (D. Nev. Aug. 1, 2016). Therefore, if Plaintiff's NRS 116.1113 and wrongful foreclosure claims were not mooted by the Court's grant of summary judgment, they would be dismissed due to Plaintiff's failure to pursue mediation under NRS 38.310 prior to bringing this action. However, a simple failure to exhaust administrative remedies, without more, is not a sufficient basis on which to award sanctions under Rule 11, and Kern has cited no case in which sanctions were awarded merely for a plaintiff's failure to exhaust. Furthermore, Plaintiff

has presented non-frivolous arguments for its position, albeit incorrect, that exhaustion under NRS 38.310 is not required in this case. (*See* Mot. Summ. J. 14–17, ECF No. 21.)

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 8, 18) and Countermotion for Summary Judgment (ECF No. 21) are each GRANTED IN PART AND DENIED IN PART. The Court grants summary judgment in Plaintiff's favor on its claim of quiet title and declaratory judgment. TBR and Airmotive purchased the Property subject to Plaintiff's first deed of trust. Plaintiff's remaining claims are dismissed as moot.

IT IS FURTHER ORDERED that Kern's Motion for Sanctions (ECF No. 39) is DENIED.

The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED December 6, 2016.

_____
ROBERT C. JONES
United States District Judge