UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-3CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-3CB<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION; KERN & ASSOCIATES, LTD.; TBR I, LLC; AIRMOTIVE INVESTMENTS LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-00436-RCJ-WGC<br><br>**ORDER TO DISMISS DEFENDANT GAYLE A. KERN, LTD., dba KERN & ASSOCIATES, LTD.** |

Plaintiff, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-3CB Mortgage Pass-Through Certificates, Series 2005-3CB ("**BoNYM**"), by and through its attorneys of record, Akerman, LLP; Defendant Highland Ranch Homeowners Association (the "**Association**"), by and through its counsel Laxalt & Nomura; Defendant Airmotive Investments LLC ("**Airmotive**"), by and

1

through its counsel Roger P. Croteau & Associates, Ltd.; and Defendant, Gayle A. Kern, Ltd., dba Kern & Associates, Ltd. ("**Kern**"), by and through its counsel Leach Kern Gruchow Anderson Song, ***HEREBY STIPULATE AND AGREE*** as follows:

1. That **BoNYM'**s Complaint ECF No. 1 and any amendments thereto ("Complaint") against **Kern** is *DISMISSED,* without prejudice, in its entirety;

2. That **BoNYM** and **Kern** will each bear their own attorney's fees and costs in this matter; and

3. That in the event of an adverse judgment for damages against the **Association**, any applicable statute of limitations as to **Kern**, which has not run as of the date of this Stipulation, will be tolled through and including one (1) year after final judgment is entered in this case. In the event of a judgment in favor of the **Association**, including, but not limited to dismissal of any claims for damages against the **Association** as moot, the dismissal of **Kern** will be deemed with prejudice.

It is ***FURTHER STIPULATED AND AGREED***, by and between **BoNYM**, **Kern**, and the **Association**, as follows:

1**. Kern** and the **Association** affirmatively assert that pursuant to NRS 116.31164(1)[1], **Kern** provided legal services to the **Association** as its attorneys in the enforcement of the **Association's** governing documents related to delinquent assessments and violations for the real property located at 6411 Samish Court, Sun Valley, Nevada 89433 (hereinafter the "Property"), up to and including the NRS Chapter 116 non-judicial assessment lien foreclosure of the Property on or about June 20, 2014 (the "Assessment Lien Foreclosure"); and;

---

[1] At the time of the foreclosure at issue in this case, NRS 116.31164(1) provided the sale "…may be conducted by the association, its agent or attorney, or a title insurance company or escrow company licensed to do business in this State…" Chapter 116 was amended in 2015, and this provision is now NRS 116.31164(4).

2

2. The parties stipulate and agree that the services provided by **Kern** in connection with the Assessment Lien Foreclosure were, at all times material to **BoNYM's** Complaint, within the course and scope of the authority duly conferred upon **Kern** by the **Association**, through its Board of Officers and Directors, to act on the **Association's** behalf as its attorneys pursuant to NRS 116.31164(1) or otherwise; and

3. That the **Association** agrees to be bound by the actions of **Kern** as its attorneys pursuant to NRS 116.31164(1) in the enforcement of the **Association's** governing documents up to and including the **Association's** Assessment Lien Foreclosure of the Property.

ORDER

IT IS SO ORDERED this 20th day of December, 2019

_____
ROBERT C. JONES
District Judge